UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joyce Guerrero,<br><br>    Plaintiff,<br>vs.<br><br>Standard Insurance Company,<br><br><br>    Defendant. | Case No. 0:22-cv-381<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Standard Insurance Company may be found in this district. In particular, Standard Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, employs

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Standard Insurance Company insures employee benefit plan ("Plan") that Altura Credit Union created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Standard Insurance Company is a corporation organized and existing under the laws of the State of Oregon and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Altura Credit Union and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 162289-D which was issued by Standard Insurance Company to Altura Credit Union to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Standard Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan.

Accordingly, Standard Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Standard Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

13. Plaintiff became disabled under the terms of the Plan's policy on or about September 25, 2018 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14. Plaintiff submitted a timely claim to Standard Insurance Company for disability benefits.

15. Standard Insurance Company granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until November 23, 2020. However, on June

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008).

29, 2020 Standard Insurance Company cancelled Plaintiff's disability benefits. Plaintiff appealed Standard Insurance Company's decision, but Standard Insurance Company denied Plaintiff's appeal on February 17, 2021. Plaintiff filed a further appeal, which Standard Insurance Company denied on December 30, 2021.

16. Plaintiff provided Standard Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

17. The medical evidence Plaintiff provided included functional work capacity forms from Plaintiff's treating physician—Dr. Joyce Wong Taur.

18. Dr. Joyce Wong Taur concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

19. Dr. Joyce Wong Taur specifically concluded in her multiple functional work capacity forms that Plaintiff was removed from all work activities from November 10, 2020 through December 17, 2021, with December 17, 2021 being the date of the most recent functional work capacity form from Dr. Joyce Wong Taur submitted to Standard Insurance Company.

20. The Standard Insurance Company terminated long-term disability benefits because it believed the "medical information does not support limitations or restrictions from any physical condition that would preclude

[Plaintiff] from performing the Substantial and Material Acts of [Plaintiff's] Usual Occupation with reasonable continuity after November 23, 2020."

21. The functional work capacity forms from Plaintiff's treating physician—Dr. Joyce Wong Taur—Plaintiff provided within Plaintiff's administrative appeal completely contradicted The Standard Insurance Company's assertion that Plaintiff's medical information did not support limitations or restrictions that would preclude Plaintiff from performing the Substantial and Material Acts of Plaintiff's Usual Occupation with reasonable continuity after November 23, 2020.

22. While Standard Insurance Company has the authority to make claims determinations under applicable law and the language of the Policy, Standard Insurance Company's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determinations must be made *de novo*.

23. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court should not abrogate its duty to perform such a review. Any failure to provide such a review would deprive Plaintiff of constitutional rights.

24. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Standard Insurance

Company's termination of benefits must be overturned due to the faulty evaluation and/or examination of the record, which reveals that Standard Insurance Company's decision to terminate benefits is not the result of a reasoned process, and that it is, therefore, arbitrary and capricious.

25. Standard Insurance Company's decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Standard Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. Standard Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with Standard Insurance Company and as such unable to offer an unbiased opinion;

   c. Standard Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. Standard Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. Standard Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. Standard Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

26. Under the terms of the Plan, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

27. The decision to terminate benefits was wrong under the terms of the Plan

28. In the alternative, Standard Insurance Company abused its discretion in terminating Plaintiff's claim because the decision to terminate benefits was not supported by substantial evidence in the record.

29. Standard Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

30. Standard Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from November 23, 2020 to the present. Plaintiff will continue to be deprived of those

benefits, and accordingly will continue to suffer future damages in an amount to be determined.

31. Standard Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

32. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Standard Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action; and

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 02/09/2022

RESPECTFULLY SUBMITTED,

By: */s/ Blake Bauer*

Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*